IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>V.                                                     )<br>)<br>FREDERICK H. BANKS,                  )<br>)<br>Defendant.                        ) | Criminal No. 03-245<br>Judge Nora Barry Fischer |

## ORDER OF COURT

AND NOW, this 4th day of September, 2012, upon consideration of Defendant Frederick H. Banks' *pro se* Motion to Modify and Terminate Restitution and Special Assessment (Docket No. [530]), IT IS HEREBY ORDERED that Defendant's Motion [530] is DENIED.

In so holding, the Court notes that it previously denied a similar motion by Defendant Banks seeking to terminate his obligations to pay the restitution and special assessment ordered by the Honorable Thomas M. Hardiman in the judgment entered against him, and that decision was affirmed by the United States Court of Appeals for the Third Circuit, *see United States v. Banks*, 430 F. App'x 179 (3d Cir. 2011).  The Court of Appeals found that Banks had not demonstrated a material change in his economic circumstances sufficient to warrant any adjustment to the payment schedule given this Court's finding that he had no prison income because of his refusal to work his prison job and generate any income. *Id.* at 181.

In the present motion, Banks claims that he is now making $10 per month at his prison job and is scheduled for release to a halfway house in four months and from his sentence of incarceration in ten months. (Docket No. 530).  Pursuant to 18 U.S.C. § 3664(k), a court has limited jurisdiction to modify a payment schedule if there has been "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution."

1

Here, the judgment entered against Defendant orders him to pay financial penalties while he is incarcerated through his participation in the Bureau of Prisons' Inmate Financial Responsibility Program, which requires that he pay 50% of his prison earnings toward the financial penalties. (Docket No. 207). In this Court's estimation, Banks has once again failed to demonstrate any change in his economic circumstances sufficient to warrant an adjustment to the payment schedule. Indeed, the payment of financial penalties by Banks is appropriately limited to a percentage of his prison income. Further, the fact that he may be released from incarceration at some point in the future has no bearing on his present ability to make the required payments under the BOP Program.

Finally, to the extent that Defendant challenges the overall validity of the judgment directing him to pay restitution and the special assessment, and requests that these aspects of the judgment be vacated, his motion is denied as this Court lacks jurisdiction to vacate this order. *See Banks*, 430 F. App'x at 181 (3d Cir. 2011) ("the limited jurisdiction conferred by section 3664(k) does not encompass an attack on the overall validity of a restitution order.").

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record

cc:    Frederick H. Banks
       No. 05711-068
       P.O. Box 9000
       Forrest City, AR 72336